# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

**FILED**

01/18/2023

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

KENTE BARKER                    )

    Plaintiff,                    )

                      )    Case No.    1:23-cv-108-JPH-KMB

        v.                    )

ROBER CARTER Jr.,                    )

TRICIA PETORTIOUS,                    )

DR. STINE, et.al.,                    )

        Defendants.                    )

## COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

Comes now, Kente Barker, pro-se, and states:

## I.    INTRODUCTION

1. This is a Civil Rights Complaint, which intells claims of 42 U.S.C. 1983, Civil Rights violations; 42 U.S.C. 12101, American with Disabilities Act claims, Discrimination 42U.S.C. 12132; Restoration Act claims 29 U.S.C. 794-94e, which alleges; that upon being transferred to the Plainfield Correctional Facility, Barker was placed on a top bunk, that has no ladder to climb to access the bunk nor to climb down from the bunk. This Complaint also alleges a denial of access to Barkers

1

Mental Health Medications and meals under the 8th Amendment of the U.S. Constitution.

## II.   JURISDICTION AND VENUE

2.  Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because I am suing for a violation of federal law under 42 U.S.C. 1983.

3.  This court has jurisdiction of this case pursuant to 28 U.S.C. 1331 and 1343.

4.  "Venue is proper in the Southern District of Indiana, Terre Haute Division, pursuant to 28 U.S.C. 1391(b), which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose.

5.  This cause of action arose in Indianapolis, Indiana which is in the Southern District of Indiana, Terre Haute Albany Division. The defendants are or were employed in, Indianapolis Indiana, and in Sullivan County.

6.  This court has jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. 1367.

7.  This court has jurisdiction of this case pursuant to 42 U.S.C. 1997e (e).

## III.    PARTIES

8.    Plaintiff, Kente Barker, is a citizen of Indiana.

Identification Number: 965049

Address: Indiana Department of Corrections

Plainfield Correctional Facility

727 Moon Road

Plainfield, In. 46168.

9.    Plaintiff, Kente Barker, is an adult who is and at all times relevant to this complaint, was incarcerated in the Indiana Department of Corrections at the Plainfield Correctional Facility, 727 Moon Road, Plainfield, Indiana 46168.

10.  Defendant Commissioner Robert Carter Jr., is an adult who is employed with the I.D.O.C. He is the Commissioner of the Indiana Department of Corrections. His address is Indiana Government Center, South 5th floor, 302 West Washington Street, Indianapolis, In. 46204. He is being sued in his Official and Individual capacity.

11. Defendant, Warden Tricia Petortious, is an adult who, during Plaintiffs incarceration, was employed with the Indiana Department of Corrections as the Warden, at the Plainfield Correctional Facility, her address is, 727 Moon Road, Plainfield, Indiana 46168. She is being sued in her Official and Individual capacity.

12. Defendant, Assistant Warden Alston, is an adult who is employed with the I.D.O.C. He, is the Assistant Warden at Plainfield Correctional Facility. His address is 727 Moon Road, Plainfield, Indiana 46168. He is being sued in his Official and Individual capacity.

13. Defendant, Assistant Warden Hartzell, is an adult who is employed with the I.D.O.C. He, is the Assistant Warden at Plainfield Correctional Facility. His address is 727 Moon Road, Plainfield, Indiana 46168. He is being sued in his Official and Individual capacity.

14. Defendant Centurion Health Services, Head Supervisor Doctor Stine, is an adult who is employed with Centurion Health Services and the I.D.O.C. He, is the Medical Supervisor over the Medical Department, at Plainfield Correctional Facility. His address is 727 Moon Road, Plainfield, Indiana 46168. He is being sued in his Official and Individual capacity.

15. Defendant Morgan Nursing staff, is an adult who is employed with Centurion Health Services and the I.D.O.C. She was the Nurses who treated Barkers injuries, in the Medical Department, at Plainfield Correctional Facility. Their address is 727 Moon Road, Plainfield, Indiana 46168. She is being sued in her Official and Individual capacity.

16. Defendant Unknown Medical Supervisor staff, is an adult who is employed with Centurion Health Services and the I.D.O.C. He was the medical supervisor who informed Barker the he did not meet the policy to receive a bottom bunk, in the Medical Department, at Plainfield Correctional Facility. His address is 727 Moon Road, Plainfield, Indiana 46168. He is being sued in his Official and Individual capacity.

17. Defendant, Sergeant Christy Guyton, is an adult who is employed with the I.D.O.C., she is the officer in charge of the South Housing Unit. Her address is 727 Moon Road, Plainfield, Indiana 46168. She is being sued in her Official and Individual capacity.

18. Defendant, Unit Team manager Mr. Williams, is an adult who is employed with the I.D.O.C., he is the officer in charge of the South Housing Unit, Unit Team. His address is 727 Moon Road, Plainfield, Indiana 46168. He is being sued in his Official and Individual capacity.

19. Defendant, Counselor Jerry Jones, is an adult who is employed with the I.D.O.C., he is the counselor in charge of the South Housing Unit, Counselor. His address is 727 Moon Road, Plainfield, Indiana 46168. He is being sued in his Official and Individual capacity.

20. Defendant, Counselor Mrs. Sanders, is an adult who is employed with the I.D.O.C., she is Barkers counselor and the counselor in charge of the East Housing Unit. Her address is 727 Moon Road, Plainfield, Indiana 46168. She is being sued in her Official and Individual capacity.


**FACTS**

21. On October, 11, 2019, Barker was reincarcerated into the Indiana Department of Corrections, for a parole violation.

22. Around March of 2022, Barker was transferred to the Plainfield Correctional Facility, and eventually placed on a top bunk.

23. Barker is a 44 year old male, with serious medical injuries and is disabled.

24. Barker has been requesting a bottom bunk since April of 2022, from the Defendants.

25. The Commissioner, Robert Carter Jr., while acting under color of State Law, has developed a policy that denies disabled inmates bottom bunks if they do not meet the policy requirements. Said actions by Mr. Carters, violated the Adults with Disabilities Act, Restoration Act, discrimination

against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk, and the restroom.

26. Warden Tricia Petortious, while acting under color of State Law, inforces the policy of Mr. Robert Carter Jr., which denied Barker a disabled inmate a bottom bunk.

27. Warden Tricia Petortious has a custom of not allowing inmates to sit on the ground while waiting for their medication at the pill pass window.

28. Warden Tricia Petortious, has established a custom of forcing disabled inmates to stand in long lines to receive their meals.

29. Warden Tricia Petortious, has established a custom of allowing her staff to deny disabled inmates bottom bunks upon request. Said actions by Mrs. Petortious, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, she was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk, the restroom, and his meals.

30. Head Supervisor Dr. Stine, while acting under color of State Law, inforces the policy and customs, of Mr. Robert Carter Jr., and Warden Tricia Petortious. Said actions by this defendant violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and the restroom.

31. Unknown Medical Supervisor, while acting under color of State Law, inforces the policy and customs, of Mr. Robert Carter Jr., Warden Tricia Petortious, and Dr. Stine. Said actions by this defendant violated the

Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and the restroom.

32. Dr. Stine has a custom of forcing disabled inmates to stand in long lines to receive their medications at the pill pass window, in freezing weather, rain, snow, and extreme heat.

33. Nursing staff Morgan, while acting under color of State Law, inforces the policy and customs, of Mr. Robert Carter Jr., Warden Tricia Petortious, and Dr. Stine. Said actions by this defendant violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and the restroom.

34. In the month of April, 2022, Barker wrote his counselor Mr. Sanders requesting a bottom bunk. She never replied. Said actions by Mrs. Sanders, while acting under color of State Law, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, she was deliberate indifferent to Barkers serious medical needs, when she denied Barker access to a bottom bunk and the restroom.

35. Around April or May of 2022, while in North Dorm B, in the Recovery While Incarcerated Program, Barker slipped and fell, twisted his ankle climbing down from the top bunk.

36. Barkers bunk is at least 5.5 feet high from the floor.

37. Barker is forced to use a unstable plastic chair, to climb in and out of his top bunk.

38. Barker was wheeled to medical.

39. Medical nurse Morgan, while acting under color of State Law, told Barker his ankle was swollen and that she could only wrap it.

40. Barker requested a bottom bunk. He was denied it.

41. Barker wrote the unknown, Medical Supervisor, whom, while acting under color of State Law, called Barker in to inquire about his bottom bunk pass.

42. Barker was told that he did not fit the requirement, "medical policy", to have a bottom bunk pass.

43. Barker was denied a bottom bunk pass.

44. Said actions by Nurse Morgan, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, they were deliberate indifferent to Barkers serious medical needs, when they denied Barker access to a bottom bunk and the restroom.

45. Mr. Hartzell is the Assistant Warden, and while acting under color of State law, he denied Barker a bottom bunk.

46. Around April of 2022, Barker seen the assistant Warden Mr. Hartzell, and informed him that he had medical issues and that he needed to be placed him on a bottom bunk.

47. Barker especially told Mr. Hartzell that he had night mares and night terrors, and was prescribed medications to assist with his sleeping.

48. Mr. Hartzell told Barker that he better not fall of the top bunk and hurt himself, then he laughed, "HaHaHa".

49. Next Mr. Hartzell also told Barker to write medical. Said actions by this defendant violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S.

Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and the restroom.

50. Around July of 2022, Barker seen Assistant Warden Alston, who was acting under color of State Law. Barker told him that he needed to be placed on a bottom bunk due to his injuries and night mares and night terrors.

51. Mr. Alston took down Barkers name to check into the matter but never responded. Said actions of by this defendant violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and the restroom.

52. Around May of 2022, Barker wrote Mr. Williams, who was acting under color of State Law, the Unit team South Manager, requesting a bottom bunk.

53. Mr. Williams informed Barker that he would not move Barker bunks, and that he needed to request a bottom bunk pass from medical. Said actions of by this defendant violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, they were deliberate indifferent to Barkers serious medical needs, when they denied Barker access to a bottom bunk and the restroom.

54. Around October of 2022, Barker requested a bottom bunk from Jerry Jones, who was acting under color of State Law, and is the dorm counselor.

55. Barker informed him that he pees on himself when he can't get out of bed. He told Barker to request a bottom bunk from medical. Said actions

of this defendant violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and the restroom.

56. Barker has filed grievances relating to acquiring a bottom bunk to no avail.

57. Barker filed a grievance against the decision of the medical supervisor, for denying Barker a bottom bunk pass. Barker received no response.

58. Grievance officer Jerry Jones responded that a bottom bunk was not a grieveable issue.

59. Barker has complained to the medical authorities, Mental Health Doctor Mrs. Koker, who was acting under color of State Law, that his feet hurts standing in the long lines to receive his medications and meals.

60. Barker informed her that he has to choose between standing in line for his meds or meals.

61. Barker also informed her that sometimes he struggles to make it back to the dorm in pain after the long waits in the medical pill pass lines and the feeding lines.

62. She told Barker to request a wheel-chair.

63. Barker requested a wheel-chair and was denied a wheel chair by the nursing staff.

64. Staff members force Barker to stand, Barker is not allowed to sit on the ground while waiting in the long pill pass lines, when his feet start hurting to gain some relief.

65. Barker is forced to stand in long meal lines.

66. Barker is not allowed to sit on the ground while waiting.

67. Barker has been denied access to his medications, "Celexa and Prozocin", on multiple occasions when he struggled and had to choose between his meals and his medications, due to the pain in his feet.

68. Barker informed the defendants that he has peed on himself on multiple occasions, when he can't get out of bed.

69. Barker lays in his urine for hours at a time, until he is able to climb off the top bunk.

70. Barker is denied access to the bathroom facilities when he can't access them, due to his body pains and arthritis.

71. Barker requested a bottom bunk from the defendant, Sergeant Christy Guyton, who was acting under color of State Law.

72. Barker told her about his medical needs and his disabilities.

73. She told Barker no. She also told Barker to write medical.

74. Barker has seen Mrs. Guyton move inmates when she is frustrated with their behavior out of her dorm.

75. She had the authority and the ability to provide Barker with a bottom bunk.

76. There has been a multitude of bottom bunks empty over the months that Barkers been in South E.

77. Young inmates with no injuries have bottom bunks.

78. Mrs. Guyton will not provide Barker a bottom bunk.

79. On November 8, 2022, at around 8:30 A.M., Mrs. Guyton forced Barker out of bed, irrespective of the pain Barker was in, and ordered Barker to go to the Medical pill pass lines, and stand in the long line.

80. She threatened Barker with a Conduct Report if he did not go to the pill pass window, to collect his, Keep on Person Medications.

81. Inmate Dewayne Sutton helped Barker crawl off the top bunk and borrowed another offenders wheel chair to wheel Barker to the pill pass window.

82. Said actions of by Mrs. Guyton, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, she was deliberate indifferent to Barkers serious medical needs, when she denied Barker access to a bottom bunk and the restroom.

83. Barker has been denied the services, programs, and activities at the Plainfield Correctional Facilities, that the other inmates has access to.

84. Barker was denied these services, programs, and activities, due to his disabilities.

85. The defendants had a duty to accommodate Barker due to his disabilities, but they failed to.

86. Said actions of the defendants, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, they were deliberate indifferent to Barkers serious medical needs, when they denied Barker access to a bottom bunk, his meals, and the restroom.

87. The Defendants listed above receive Federal Funding.

88. Barker is not able to use the restroom as other inmates.

89. Barker lays in the bed for hours in pain.

90. Barker can not sit, stand, nor walk long distances due to his arthritis from his past injuries.

## BARKERS PRIOR INJURIES WHICH MADE HIM DISABLED

91. In the year of 1992 Barker sustained a broken ankle that never healed properly, which has left Barker with a popping and a snapping sound when he walks long distances, and or stands for long periods of time. Barker has informed the Medical Staff over the years while in the I.D.O.C. of this injury and pain.

92. No actions has been taken by medical staff for this injury. Barker was instructed to take Tylenol.

93. In the year of 1993, Barker was a gun-shot victim. He was shot in his right shoulder which left him with nerve damage to his left shoulder. He also has arthritis in his left shoulder. Barker has pain in his left shoulder upon awaking from lying on it while sleep, and sometime numbness.

94. In the year of 1999, Barker was again a gun-shot victim. He was shot in his lower back which caused him to have to undergo abdominal surgery upon his intestines. Barker has been left with constant stomach pains that reoccur constantly, lower back pains to the muscle, sharp pains from his spine, and arthritis to his lower back and his right hip. These symptom's has worsened over the years while in I.D.O.C., and worsened upon awaking from his sleep. Barker has hip and joint pain from sitting for long periods of time, upon standing Barker has to struggle.

95. In the year of 2011 Barker broke his right hand, which is considered a boxers fracture. Barker had to have surgery on his right hand which resulted in having his bones repaired. Barker now has limited movement to his third finger, "ring finger", which causes his hand to remain partially open, and is weakened. He now has athritus in his hand.

96. Barker has multiple injuries to both of his knees from playing Basketball, thru out his life. Barker has athritus in both knees, especially upon awaking in the morning from sleep.

97. Barker has multiple injuries to his feet from playing Basketball. Barker believes that he has Plantar-fasciitis and tendonitis in both of his feet, due to the arch in the middle of his feet.

98. Through-out Barkers stay in the Department of Corrections Barker was made to wear a flat soled shoe call, The Jackie Chan Shoes". This shoe has injured the ligments in Barkers feet, which cause extreme pain now when he stands for long periods or walk long distances.

99. Barkers feet hurts from athritus upon standing for long periods of time and walking long distances, and awaking from sleep.

100. In the year of 2015 Barker was subjected to a unlawful segregation confinement at the Wabash Valley Correctional facility, for 19 months.

101. That stay caused Barker mental trauma, emotional damage, such as depression, anxiety, when he was subjected to constant screams from other inmates, beating and banging sounds, and sleep deprivation, night mares and night terrors.

102. In the year of 2019 Barker was subjected to another unlawful segregation confinement at the Wabash Valley Correctional Facility, for 6 months.

103. Barker was subjected to the Mental Health Ward. Barker was subjected to constant screams from other inmates, beating and banging sounds, sleep deprivation, night mares and night terrors.

104. Barker was maced thru the ventilation system when other inmates were maced.

105. Barker is now medicated with Prozocin, for this "Trauma".

106.  Barker is now medicated with prozosin to treat his might mares and night terrors, to help him sleep at night.

107.  In the year of 2020, Barker was subjected to another unlawful segregation confinement under the false pretense of an, "Investigation", for 30 days.

108.  This stay caused Barker extreme stress, depression, and anxiety.

109.  Barker take high Blood pressure medication such as, Hydrochlorothiazide, Atrovastatin, Asprine, Amlodipine Besylaqte, Fiber Lax.

110.  These medications causes Barker to have to urinate almost every hour.

111.  Barker has been medicated with celexa to treat his anxiety and depression.

112.  Said actions by this defendant violated the Adults with Disabilities Act, Restoration Act, and the 8th Amendment of the U.S. Constitution, when they denied Barker access to a bottom bunk, the restroom, and his meals.

113.  Barker suffered mental anguish during his time trying to sleep on the top bunk, such as sleep deprivation.

114.  Barker exhausted all of his grievances to the grievance officer Jeremy Jones, who told Barker that he could not grieve policy.

115.  Barkers civil complaint has now been pursued.

## EQUAL PROTECTION CLAIM AS A "CLASS OF ONE"

116. In Geinosky v. City of Chicago, 675 F.3d. 743, 745 (U.S. Ct. of Appeals 2012), it Held; that the owner was not required to name similarly-situated people because the pattern and nature of defendants' alleged conduct did the work of demonstrating the officers' improper discriminatory purpose. The owner's general allegation that defendants intentionally treated him differently than others similarly situated was sufficient because the alleged facts clearly suggested harassment by public officials that had no conceivable legitimate purpose. The owner's complaint stated a class-of-one claim in light of the pattern of unjustified harassment he had alleged.

117. All defendants violated Barkers rights to equal protection of the laws as a, "Class of One", when their actions were, discriminatory, irrational, malicious, vindictive, and had no legit purpose.

118. The Defendants provide inmates with knee, back, gunshot wombs, and ankle injuries with bottom bunk passes, especially upon treatment by the medical department, and also past injuries.

119. All of the Defendants were acting under the color of State law.

120. All of the Defendant were state actors.

121. All of the Defendant's were public officials and/or medical staff.

122. All of the Defendants were reckless or callously indifferent.

123. All of the Defendants actions were malicious, willful, and wanton.

124. All of the Defendants actions were due to Barkers disability.

125.  All of the Defendants engaged in extreme and outrageous conduct, intentionally or recklessly, that caused severe emotional distress, anxiety, sleep deprivation, and extreme pain and suffering upon Barker.

126.  All of the Defendants held a position for which duties are prescribed.

127.  All of the Defendants took an oath of office.

128.  There was insufficient justification for the defendants to deny Barker a bottom bunk for this extended period of time, a wheel chair, and his meals.

## XI. Barkers Injury

129.  Barker was subjected to sleeping on empty bottom bunks, which created physical and mental harm.

130.  Barker was under the stress of receiving a conduct report, for Interfering with Count and Refusing an Order, for sleeping on empty bottom bunks.

131.  Said conduct by the defendants, did caused psychological, mental, emotional, and physical injuries, reduced life-expectancy, and/or social injuries as well as severe psychiatric morbidity, disability, suffering and/or mortality, upon Barker.

132.  Barker suffered mental injuries from his time in the Plainfield Correctional Facility, such as depression, anxiety, night mares, night terrors, and sleep deprivation.

133.  Barker succumbed to increased sleep deprivation.

134.  Barker experienced stomach pains, chest pains and aches due to stress, which aggravated his gurds disease.

135.  Barker pees on himself when he can not climb out of his bunk due to being in pain.

136. Barkers medication, celexa was increased during his time at the Plainfield Correctional Facility.

137. Barker is now medicated with prozosin to help sleep through his night mares and night terrors.

138. Denying Barker meals has caused Barker to order the Commissary items that induces his salt intake from the unhealthy items, which raises his blood pressure and subjects Barker to an increased chance of a stroke and kidney failure.

139. Barker takes an extreme amount of ibuprofen he orders off commissary to help subside his pains.

140. Barker is at risk of further damaging his stomach lining and intestinal ling.

141. Barker now has increased shoulder pains, hip pains, back pains, ankle pains, feet pains, stomach pains, anxiety, depression, sleep deprivation. Due to sleeping on the top bunk.

142. All of the Defendants were aware or should have been aware of the risks of denying Barker a bottom bunk, access to his meals, and the bathroom, even after Barker informed them of his injuries, pain, and trouble climbing on and off the top bunk, and peeing on himself.

143. All of the Defendants were aware of the above mentioned risks associated with placing Barker on the top bunk, both physical and mental, and were aware of a strong likelihood that Barker would be seriously harmed, and consciously failed to take reasonable measures to prevent harm or additional harm to Barker or at least strongly suspected facts showing that the risk of experiencing significant foreseeable physical and/or mental harm, and such harms did result.

144. All of Barkers injuries are listed in his medical files and have been for the years that he has been in the Department of Corrections.

145. All of the Defendants were deliberantly indifferent or consciously failed to take reasonable measures, or had a realistic opportunity to prevent harm or additional harm from occurring, showing a lack of concern for Barker's welfare in the face of serious risks, which could have been prevented by the defendants.

146. All of the Defendant's engaged in extreme and outrageous conduct, intentionally or recklessly, that caused severe emotional distress, depression, anxiety, as well as physical injury upon Barker.

147. All of the Defendant's actions or failure to act had a direct impact on Barker, causing physical and/or mental injury, which was serious in nature and of the kind and extremely not normaly expected to occur in a reasonable person.

## V. LEGAL CLAIMS

1. All of the above stated facts, including the descriptions of the defendants and introduction, are incorporated into the following legal claims.

2. Robert Carters Jrs. Policy, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk, access to the restroom, and meals. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

3. Warden Petortious, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk, and access to the restroom, and his meals. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

3. Dr. Stine, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

4. Medical Supervisor, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

5. Nurse Morgan, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The

Defendants discriminated against Barker and treat other inmates similarity situated as him different.

6. Assistant Warden Alston, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

7. Assistant Warden Hartzell, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

8. Jerry Jones, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

9. Mrs. Sanders, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied

Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

10. Mrs. Guyton, violated the Adults with Disabilities Act, Restoration Act, discrimination against Barker, and the 8th Amendment of the U.S. Constitution, he was deliberate indifferent to Barkers serious medical needs, when he denied Barker access to a bottom bunk and access to the restroom. Barkers 14th Amendment to Equal Protection Clause, " as a Class of One", was violated. The Defendants discriminated against Barker and treat other inmates similarity situated as him different.

11. Barker was denied Equal Protection of the laws as a "Class of One", discriminated against, when these defendants carried out the policy and customs of Robert Carter Jr., and Warden Petortious.

## VI. JURY DEMAND

1. Plaintiff requests a trial by jury.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Issue a Declaratory Judgement stating that;

1. This court should declare such policies and customs by Robert Carter Jr., and Mrs. Petortious, be declared unlawful and enjoy them from being used now and in the future.

2. That the defendants violated, 42 U.S.C. 1983, Civil Rights Act.

3. That the defendants violated, 42 U.S.C. 12101, American with Disabilities Act.

4.  That the defendants violated, 42 U.S.C. 12132, when they intentionally discriminated against Barker.

5.  That the defendants violated the Restoration Act, under 29 U.S.C. 794-94e.

6.  The Defendants violated the 8th Amendment of the U.S Constitution.

7.  The Defendants violated the 14th Amendment of the U.S. Constitution.

8.  Provide Barker a wheel chair if he is to stand in long lines.

B.  Award Barker Compensatory Damages:

1.  Collectively against all defendants in the amount of $ 150.00 a day for every day Barker was forced to sleep on a top bunk, denied access to his medications, the restroom, and his meals, from around April of 2022, to the filing of this lawsuit.

C.  Award Barker Punitive Damages:

1.  Against all Defendants, individually in the amount of $ 50,000 each.

D.  Award Plaintiff his court cost

E.  Award Plaintiff all other proper and just relief.

## AFFIRMATION OF PLAINTIFF

I, Kente Barker under the penalties for perjury, in the aforementioned cause, do affirm that I have read all of the statements contained in this complaint and that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this ___18___ day of ___January___, 202_3_

_____
Plaintiff